# AMTORG TRADING CORPORATION v. UNITED STATES.

## No. 204.

Circuit Court of Appeals, Second Circuit.

April 10, 1939.

David Drucker, of New York City (David Drucker and Charles Recht, both of New York City, of counsel), for plaintiff-appellant.

Lamar Hardy, U. S. Atty., of New York City (Robert E. Pratt, Asst. U. S. Atty., of New York City, of counsel), for the U. S.

Before SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff, a New York corporation engaged in the business of importing merchandise from the Soviet Republic to the United States, insured its merchandise against the usual risks of an ocean voyage with the State Insurance Department of the Soviet Republic. The department issued and delivered to the plaintiff at its Moscow office a general marine insurance policy insuring against all risks connected with the transportation of merchandise belonging to the insured and exported from Russia. Liability of the insurer ceased at the port of destination from the moment of the discharge of the cargo (unless the 30-day transshipment clause applied). Payment of the premiums upon the property transported from Russia to a port of the United States was made in Moscow by the plaintiff through its Moscow office. During the years 1932–1936, inclusive, the plaintiff paid $207,322.05 as premiums on the marine policy. An inland transit policy was taken out with the Springfield Fire & Marine Insurance Company in order to cover the property while within the territorial limits of the United States and Canada.

In July, 1936, the Commissioner of Internal Revenue assessed a tax of $6,219.66 against the plaintiff, computed at the rate of three cents on each dollar or fractional part thereof of the insurance premiums paid to the Soviet State Insurance Department aggregating $207,322.05. The plaintiff, after paying to the Collector the amount of the tax assessed, filed a refunding claim, which was rejected by the Commissioner, and brought the present action to recover the tax. From the judgment dismissing the complaint this appeal is taken. In our opinion the tax was erroneously assessed and the plaintiff is entitled to recover.

The assessment was based on Paragraph 7 of Schedule A of Title 8 (section 800 et seq.) of the Revenue Act of 1926, 26 U.S.C.A. §§ 904, 921(b) (3), which imposed a tax of three cents on each dollar of the premium charged:

"On each policy of insurance * * * or other instrument by whatever name called whereby insurance is made or re-

newed upon property within the United States * * * against peril by sea or on inland waters or in transit on land (including transshipments and storage at termini or way points) or by fire, * * * issued to or for * * * a domestic corporation * * * by any foreign corporation * * * when such policy or other instrument is not signed or countersigned by an officer or agent of the insurer in a State, Territory, or District of the United States within which such insurer is authorized to do business, * * *.

"Any person to or for whom or in whose name any insurance policy or other instrument * * * is issued, or any solicitor or broker acting for or on behalf of such person in the procurement of any such policy or other instrument, shall affix the proper stamps to such policy or other instrument * * *."

The plaintiff contends that the taxes were illegally exacted because:

(1) The statute is inapplicable in that, when the insurance was effected, the insured property was not physically within the territory of the United States;

(2) The transactions for which insurance was procured were foreign to the United States and took place in the Soviet Republic;

(3) In any event the tax ought to be computed only upon that portion of the premium applicable to risks while the property was within the territorial waters of the United States.

■■ Little need be said as to the suggestion in (3), supra, that in any event the tax ought to be computed only upon the portion of the premium applicable to the risks while the property was within the territorial waters of the United States. The tax if valid at all is imposed by the terms of the statute on the premiums charged. Moreover, Article 69 of Regulations 71 is specific in providing that the tax "is measured by total premium paid." But, in our opinion, the premiums paid by the foreign insurance company were not taxable under the statute. We think this is so not because the insurance was effected and the premiums were paid by the plaintiff at its Moscow office, but because the cargo was

only within the United States during the brief time when it was between the three mile limit and the place of its discharge. The terms of the policy relating to transshipments are not altogether clear and the American policy specifically covers merchandise when within the United States and Canada. Accordingly we cannot regard the transshipment clause of the foreign policy as having an important bearing on the question of taxation before us.

Under Article 70 of the Regulations, premiums on insurance issued to cover commodities in process of exportation from the United States are not subjected to taxation. While taxes on marine premiums on exports were held invalid by the Supreme Court in Thames & Mersey Marine Ins. Co. v. United States, 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas. 1915D, 1087, for the reason that Article 1, § 9 of the Constitution, U.S.C.A., prohibits any tax or duty on articles exported from a state, it would seem unlikely that the privilege given by Article 70 of the Regulations would not be reciprocal.

Article 71 of the Regulations, relied upon by the Commissioner, does not relate to commodities, but is confined to movable property such as ships and rolling stock of railroads where the corporation owning and controlling such property is located within the United States and where the property itself is not permanently located without the United States for the purpose of ordinary uses.

We do not place our decision on the ground that in order to come within the scope of the act property insured must be within the United States at the time the risk attaches, but solely on the ground that the shipments with which we are here concerned were within the United States during but a trifling portion of the voyage, that is to say, while the vessel was within the three mile limit.

The judgment is reversed and the cause remanded with direction to enter judgment for the plaintiff for the amount demanded in the complaint.

NOTE: Judge MANTON sat at the argument of this appeal but resigned before the opinion was written.